have examined them all, but do not find any which are sufficiently prejudicial to the plaintiff's rights to present reversible error.

It follows that the judgment and order should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents.

---

### BUEHLER v. PIERCE.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

MORTGAGE—ASSIGNMENT—COVENANT.
> On a sale and assignment of a note and mortgage with a covenant that there is due thereon a specified sum, no warranty or covenant is implied as to the origin of the debt, or that it is free from usury.
> Williams and Hiscock, JJ., dissenting.

Appeal from special term, Oneida county.

Action by John Buehler against Robert D. Pierce. From a judgment for defendant, plaintiff appeals. Affirmed.

The following is the opinion of MERWIN, J., at special term:

According to the doctrine laid down in Littauer v. Goldman, 72 N. Y. 506, 28 Am. Rep. 171, I see no way to escape the conclusion that upon the transfer by defendant to plaintiff of the note and mortgage in question there was no implied warranty of validity as regards any usury of which the defendant had no notice. The Littauer Case has been criticised in Meyer v. Richards, 163 U. S. 411, 16 Sup. Ct. 1158, 41 L. Ed. 209, but it is the law of the state. There was here, as in that case, the transfer of a promissory note; and if, as to the note, there was no implied warranty, there was none as to the collateral mortgage. See 1 Jones, Mortg. (5th Ed.) p. 783, § 824. The same principle would be applicable to both. In the assignment from defendant to plaintiff there was a covenant by defendant that "there is due on said bond [note] and mortgage the sum of $183.72, with interest included therein to date, January 20, 1899." The face of the note and mortgage was $330. Payments had been made thereon, and the amount specified in the covenant evidently represents the amount unpaid after deducting the payments. The plaintiff claims that this covenant is, in effect, an express warranty of the validity of the instruments. The defendant, by the covenant, says that of the debt secured by the note and mortgage there remains a certain sum unpaid. He does not say that the security is enforceable for that amount. That idea could be carried into the covenant only by implication, and that would not be allowable under the Littauer Case. The covenant does not go to the origin of the debt, but to the condition at the time of the assignment. It assumes the validity of the security, but does not warrant it any more than it would be warranted by a verbal sale and delivery for its face value. In the latter case there would be no warranty, as held in the Littauer Case. So that practically the Littauer Case is fatal to plaintiff's claim in either aspect, and judgment must, I think, go for defendant.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry T. & James Coupe, for appellant.
Southworth & Gaffney, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon memorandum of MERWIN, J., delivered at special term. All concur, except WILLIAMS and HISCOCK, JJ., who dissent.